IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| RANDY JOHNSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 09 C 5886 |
| v. | ) | |
| | ) | Magistrate Judge |
| DR. EVARISTO AGUINALDO; DR. PARTHASARATHI GHOSH; and MARY DIANE SCHWARZ, | ) | Maria Valdez |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In this action arising under 42 U.S.C. § 1983, Plaintiff Randy Johnson alleges that while he was in the custody of the Illinois Department of Corrections, Defendants were deliberately indifferent to his serious medical needs, in violation of his rights under the Eighth and Fourteenth Amendments to the Constitution. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter is now before the Court on Defendant Mary Diane Schwarz's Motion to Dismiss Plaintiff's Third Amended Complaint [Doc. No. 92]. For the reasons that follow, the motion is denied.

## BACKGROUND

The following relevant facts from the complaint are taken as true for the purposes of this motion. Plaintiff is a stage III colon cancer patient who has

undergone surgery and chemotherapy and has taken prescribed morphine for pain since 2007. In September 2008, Plaintiff was arrested in Cook County, Illinois, and while in the custody of the Cook County Jail, he continued to receive chemotherapy treatments and was prescribed two forms of morphine. On November 14, 2008, Plaintiff was transferred to the Stateville Northern Reception and Classification Center, where he was examined by defendant Dr. Evaristo Aguinaldo. The following day, Sarah Mays, a licensed practical nurse, noted that Plaintiff did not look well and asked defendant Schwarz, a licensed physician assistant, to examine him. Schwarz examined Plaintiff, who complained to her that he was in pain and suffering from nausea and vomiting. Plaintiff also showed Schwarz records of morphine prescriptions that had been written for him while he was in the Cook County Jail. Schwarz observed that Plaintiff looked uncomfortable, and the prescriptions confirmed to Schwarz that Plaintiff's nausea and vomiting were secondary to opiate withdrawal. Schwarz did not prescribe morphine to Plaintiff for his pain or withdrawal symptoms but instead prescribed two other pain medications. Plaintiff does not remember ever receiving those medications, and Schwarz never followed up to determine whether he had received the prescriptions or whether his pain was controlled. Plaintiff ultimately received a morphine pill prescribed by another physician on November 19, 2008. The next day, Plaintiff was transferred to the infirmary at the Stateville Correctional Center, where he began a continuous morphine regimen that alleviated his pain. Plaintiff filed two grievances relating to the conduct alleged in the complaint, one on January 29, 2009, and

2

another on February 5, 2009. On July 1, 2009, Plaintiff's final administrative appeal relating to his grievances was denied.

On December 7, 2010, Plaintiff filed a motion for leave to file his third amended complaint, which included the allegations described above and added Schwarz as a defendant. The motion stated that Plaintiff did not have information sufficient to allege claims against Schwarz until after her deposition was taken on November 18, 2010. In their response to the motion, Defendants did not argue that the amendment was unduly delayed, prejudicial, or futile. Instead, they merely requested extensions of the trial and discovery schedules in light of the amendment. Plaintiff's motion was granted on January 5, 2011, and his Third Amended Complaint was filed on January 6, 2011. Schwarz then moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing that Plaintiff's claims against Schwarz should be dismissed as time-barred.[1]

## **DISCUSSION**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of a complaint, not to decide the merits of a case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In determining whether to grant a motion to dismiss, the Court accepts all well-pleaded allegations in the complaint as true and

---

[1] Schwarz did not file a reply brief in support of her motion. Several days after the reply was due, the courtroom deputy inquired of Defendant's counsel whether one had been filed. Counsel indicated that the firm's building had experienced a fire, the attorneys were out of their offices, and they did not have access to their calendar system. Despite the implication that a reply would be forthcoming, neither a brief nor a motion for an extension of time has yet been filed.

3

draws all reasonable inferences in the light most favorable to the plaintiff. *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "a plaintiff's obligation to provide the grounds for entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Seventh Circuit has read the Twombly decision as imposing "two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests. Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concerta Health Servs.*, Inc., 496 F.3d 773, 776 (7th Cir. 2007) (internal citations and quotations omitted).

Schwarz's motion argues that the third amended complaint adding her as a defendant must be dismissed because it was filed after the expiration of the statute of limitations. The statute of limitations for actions brought under § 1983 is the same as that for personal injury claims in the state where the injury occurred.

4

*Anton v. Lehpamer*, 787 F.2d 1141, 1146 (7th Cir. 1986). In this case, Illinois' two-year statute of limitations for personal injury claims applies. *See id.* The date Plaintiff's claim accrued, however, is determined by federal law. *Wilson v. Geisen*, 956 F.2d 738, 740 (7th Cir. 1992). "Generally, a claim accrues when the plaintiff knows or has reason to know of the injury giving rise to the cause of action. . . . Civil rights claims, therefore, accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Id.*

In cases where a plaintiff alleges Eighth Amendment violations stemming from a denial of medical care, the refusal to treat is said to "continue[ ] for as long as the defendants had the power to do something about his condition," and thus the claim does not accrue until the last day treatment was denied. *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001). According to Schwarz, the statute of limitations expired on Plaintiff's claims "no later than November 20, 2010," two years after the date Plaintiff received morphine treatment at Stateville. Schwarz therefore argues that because the claims against her were first brought on January 6, 2011,[2] they should be dismissed as time-barred.

Plaintiff responds that the statute of limitations on his claims was tolled while he pursued administrative remedies, and thus his amended complaint is

---

[2] Contrary to Defendant's contention, the Third Amended Complaint is considered to have been filed on December 7, 2010, not January 6, 2011. "[T]he submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion." *Moore v. State of Ind.*, 999 F.2d 1125, 1131 (7th Cir. 1993). This discrepancy in time, however, does not affect the Court's analysis.

5

timely. The tolling of the statute of limitations is governed by state law. *Heard*, 253 F.3d at 317. Pursuant to the Illinois tolling statute: "When the commencement of an action is stayed by injunction, order of a court, or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action." 735 Ill. Comp. Stat. § 5/13-216. The Seventh Circuit has held that this tolling provision applies "while a prisoner completes the administrative grievance process" required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e). *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001); *see* 42 U.S.C. § 1997e(a) (""No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

In this case, the limitations period was tolled from January 29, 2009 (when Plaintiff filed the first of his two grievances) to July 1, 2009 (when his appeal was denied), a total of 153 days. Accordingly, the statute of limitations on Plaintiff's claims against Schwarz will not run until April 22, 2011, and the Third Amended Complaint is not time-barred.

## **CONCLUSION**

For the foregoing reasons, Defendant Mary Diane Schwarz's Motion to Dismiss Plaintiff's Third Amended Complaint [Doc. No. 92] is denied.

6

SO ORDERED.                                    ENTERED:

          April 15, 2011
DATE: _____              _____
                                                                             HON. MARIA VALDEZ
                                                                             United States Magistrate Judge